UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| OLGA OVECHKINA | : | |
| --- | --- | --- |
| Petitioner, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:07-cv-716 (JCH) |
| MICHAEL CHERTOFF, ET AL | : | |
| | : | SEPTEMBER 23, 2008 |
| Respondents. | : | |

**ORDER OF DISMISSAL**

I.  INTRODUCTION

Olga Ovechkina filed a "Complaint" for a writ in the nature of mandamus and declaratory judgment. She seeks to compel respondents to act on her I-485 Application, seeking permanent residency. She also seeks an order requiring respondents to provide Ovechkina with a Notice of Approval. For the reasons set forth below, the court DISMISSES Ovechkina's Petition [**Doc. No. 1 in part**] with respect to her request that Respondents properly adjudicate her Application, and GRANTS Respondents' Motion to Dismiss [**Doc. No. 18**] with respect to Ovehkina's request that the Court order Respondents to provide Ovechkina with a Notice of Approval.

II.  FACTS

Olga Ovechkina filed an I-485 Application, seeking permanent residency, on or about November 12, 2004. Compl. ¶¶ 13-14. Pursuant to the procedures of U.S. Citizenship and Immigration Services ("USCIS"), Ovechkina submitted fingerprints in 2005 and 2006 and was interviewed on January 11, 2006, regarding her application. Id. By letter sent in December 2006, USCIS notified Ovechkina that her application

1

remained pending due to an incomplete background check. Id. ¶ 15.

Ovechkina brought the instant suit on May 4, 2007, seeking to compel action on her I-485. Respondents moved for dismissal on November 1, 2007, alleging a lack of subject matter jurisdiction and that the Petition does not demonstrate unreasonable delay in acting upon Ovechkina's Application. On February 19, 2008, respondents informed the court that, under a revised USCIS policy published February 4, 2008, where an application for adjustment of status has been pending the completion of a background check for more than 180 days, and is otherwise subject to approval, CIS will approve the application. See Respondents' Status Rep., Feb. 19, 2008 [Doc. No. 25]. Respondents suggested that Ovechkina's application fell into the category of applications now subject to approval after 180 days. Respondents' counsel sent a letter to Ovechkina on February 14, 2008, in an effort to arrange an interview for "final processing." Letter from William Brown to Ovechkina, Feb. 14, 2008 [Doc. No. 25, at 6].

Ovechkina attended an interview at the Hartford Field Office of USCIS on April 21, 2008. See Respondents' Status Rep., Aug. 13, 2008 ("Respondents' Status Rep. 8/13") [Doc. No. 27]; Ovechkina's Response to Order to Show Cause ("Ovechkina Response") [Doc. No. 30]. At the interview, Ovechkina was informed that new fingerprints were required before USCIS could issue a green card. Respondents' Status Rep. 8/13; Ovechkina Response. Ovechkina returned to Bern, Switzerland the night of her interview and did not attend a fingerprint appointment scheduled in the United States for the next day. Respondents' Status Rep. 8/13. In her Response to the court's Order to Show Cause, Ovechkina claims she was told that it was "fairly certain"

2

she could be fingerprinted in Switzerland, where she resides. Ovechkina Response, at para. 3. Ovechkina attempted to get fingerprinted in Bern, Switzerland, but was unsuccessful in her attempts to do so. Respondents' Status Report; Ovechkina Response, at para. 5. USCIS claims it informed Ovechkina that fingerprinting in Switzerland was a possibility, but not a guarantee. Letter from USCIS to Ovechkina, Aug. 7, 2008 ("USCIS Letter 8/7") [Doc. No. 27, at 5-6].

USCIS scheduled a new fingerprint appointment for June 5, 2008 in the United States, which Ovechkina did not attend. Respondents' Status Rep. 8/13; Ovechkina Response ¶¶ 5-6. Ovechkina claims that she could not attend this new appointment because her advance parole document expired, and she could no longer enter the United States. Ovechkina Response ¶¶ 5-6. Ovechkina claims that USCIS refused to aid her in efforts to be readmitted to the United States to attend her fingerprint appointment, or alternatively to have her file transferred to Bern, Switzerland. Id. On August 7, 2008, Ovechkina's application to adjust status was deemed abandoned and denied due to failure to show up for fingerprinting. Respondents' Status Rep. 8/13; USCIS Letter 8/7.

III.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) provides that to be sufficient, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." However, in the recent decision of Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007), the Supreme Court explained that to be sufficient, factual allegations in a complaint must "'raise a right to relief above the speculative level.'" Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (quoting Twombly, 127 S. Ct. at 1965).

According to the Second Circuit, what Twombly requires is not "a universal standard of heightened fact pleading," but rather "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007). Finally, the Supreme Court has also emphasized that departing too far from the liberal pleading standards of Rule 8(a) is particularly unwarranted when a complainant is pro se. Id. (citing Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam)).

IV. DISCUSSION

    A. <u>Adjudication of Ovechkina's I-485 Application</u>

Ovechkina brought the instant litigation seeking to compel action on her I-485 Application. While a Motion to Dismiss was pending, respondents acted on Ovechkina's application. Respondents scheduled an interview with Ovechkina for final processing and conducted that interview on April 21, 2008. Respondents scheduled a fingerprinting appointment for Ovechkina, the final step necessary for her I-485 Application to be processed, for April 22, 2008, and again for June 5, 2008. Respondents have represented to the court that they were prepared to act on Ovechkina's I-485 application, but could not because she failed to appear for fingerprinting. Ovechkina, for her part, contends that she relied on misleading information provided by her USCIS interviewer that she could obtain fingerprints in Switzerland rather than remaining in the United States for an additional day.

"[T]he mootness doctrine prevents federal courts from hearing matters that no longer present an actual dispute between parties." See Associated Gen. Contractors of

Conn., Inc. v. City of New Haven, 41 F.3d 62, 65 (2d Cir. 1994).  Accordingly, when the defendant has given the plaintiff what the plaintiff requested in her complaint, the plaintiff's case becomes moot and must be dismissed by the court.  See St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc., 884 F.2d 688, 694 & n.2 (2d Cir. 1989).

The court has sympathy for Ms. Ovechkina's plight regarding the difficulties of navigating the processes necessary to become a citizen.  However, the court is limited to addressing the claims and relief requested in her complaint.  Her additional claims of being misled, made in response to her order to show cause, are not cognizable in this case.  In her complaint filed May 4, 2007, Ms. Ovechkina sought to compel processing of her I-485 and sought a Notice of Approval.  With regard to processing her I-485, Respondents acted on Ms. Ovechkina's application by scheduling an interview, informing her of the steps necessary to finalize her application, and closing her file when she failed to appear for her original or rescheduled fingerprinting appointments.  Respondents gave Ms. Ovechkina the relief requested by processing her application; accordingly, her Petition seeking that the court require Respondents to properly adjudicate Plaintiff's application is now moot.  See St. Paul Fire & Marine Ins. Co., 884 F.2d at 694 & n.2 (requiring court to dismiss action as moot if defendant has given plaintiff relief requested in her complaint);see, e.g., Sawad v. Frazier, No. 07-172, 2008 WL 1819089 (D. Minn. Apr. 23, 2008) (dismissing action seeking adjudication of I-485 application as moot after USCIS denied application).

  B. <u>Provision of Notice of Approval</u>

Ovechkina also asks that the court order Respondents to provide her with a Notice of Approval, claiming that Respondents have engaged in "arbitrary," "willful[],"

and "unreasonabl[e]" delay in adjudicating her Petition. Compl. ¶ 18. Courts have struggled with the question of whether they have jurisdiction to order USCIS to process an application for adjustment of status in the case of unreasonable delay in processing. Compare Safadi v. Howard, 466 F. Supp. 2d 696, 700-01 (E.D. Va. 2006) (finding that a four year delay does not constitute an unreasonable refusal to adjudicate or process an application potentially giving rise to subject matter jurisdiction, and declining to address question of "whether jurisdiction would exist in a district court to review plaintiff's case where USCIS refused altogether to process an adjustment application or where the delay was so unreasonable as to be tantamount to a refusal to process the application") and Keane v. Chertoff, 419 F. Supp. 2d 597 (S.D.N.Y. 2006) (finding no subject matter jurisdiction to review denial of adjustment application), with Salehian v. Novak, No. 3:06-cv-459 (PCD), 2006 WL 3041109, at *4 (D. Conn. Oct. 23, 2006) (finding jurisdiction and refusing to dismiss on grounds that delay is reasonable where government gave insufficient explanation of reasons for two-year delay).

Even courts that have found jurisdiction, such as the court in Salehian, have limited relief to ordering that USCIS either adjudicate the application or "provide a satisfactory explanation for the delay." 2006 WL 3041109, at *4. This court accordingly has difficulty contemplating a circumstance in which it could order Respondents to provide a Notice of Approval. In any case, however, the circumstances of Ovechkina's case do not demonstrate unreasonable delay in processing Ovechkina's Application. Her failure to take action necessary under USCIS procedures for her application to be adjudicated forecloses any availability of further relief. Nor do Respondents' actions in this case reach the level of egregiousness that has driven other courts to exercise

discretion to order mandamus or other relief.

Therefore, the court GRANTS defendants' Motion to Dismiss [**Doc. No. 18**] with respect to Ovehkina's request that the Court order Respondents to provide Ovechkina with a Notice of Approval.

V.   CONCLUSION

Petitioner Ovechkina's Complaint [**Doc. No. 1 in part**] is **DISMISSED WITH PREJUDICE** as MOOT with respect to Ovechkina's request that Respondents properly adjudicate her application.  Respondents' Motion to Dismiss [**Doc. No. 18**] is **GRANTED** with respect to Ovechkina's request that the Court order Respondents to provide Ovechkina with a Notice of Approval, and **DENIED** as MOOT with respect to Ovechkina's request that Respondents properly adjudicate her application.  The Clerk is directed to enter judgment for Respondents and close this case.

**SO ORDERED** this 23rd day of September 2008, at Bridgeport, Connecticut.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge